**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Katherine Heitzman,<br><br>Plaintiff,<br><br>vs.<br><br>MRS BPO, LLC, d/b/a MRS Associates, *a foreign limited liability company*,<br><br>Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Defendant's Invasion of Plaintiff's Privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d) and under 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Katherine Heitzman ("Heitzman" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant MRS BPO, LLC d/b/a MRS Associates ("MRS" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection agency from an address of 1930 Olney Avenue, Cherry Hill, New Jersey 08003. MRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before April 2010.

9. Plaintiff received multiple abusive and harassing telephone calls at her place of employment from debt collectors, who were employed by MRS at all times relevant herein, from April 2010 through June 2010 even though Plaintiff told the debt collectors repeatedly not to contact her at her place of employment.

10. For example, on or about May 20, 2010, Plaintiff received a telephone call from a debt collector, who was employed by MRS at all times relevant herein, an attempt to collect a debt.

11. During this communication, Plaintiff again told the debt collector not to contact her at work anymore and she told him that she was going to be filing for bankruptcy protection.

12. This debt collector asked Plaintiff what her personal problem was and why she could not pay her bills.

13. Plaintiff again reiterated to the debt collector that she was going to file for bankruptcy protection and again told the debt collector not to contact her at work.

14. The debt collector then told Plaintiff that her credit score was 500 and that she should not file for bankruptcy protection because it was going to destroy her credit for 7 to 10 years.

15. Plaintiff again reiterated to the debt collector that she was going to file for bankruptcy protection and again told the debt collector not to contact her at work.

16. The debt collector then asked Plaintiff why she could not pay her bills and why she "dodged" his telephone calls.

17. Plaintiff again reiterated to the debt collector that she was going to file for bankruptcy protection and again told the debt collector not to contact her at work.

18. The debt collector then told Plaintiff that the creditor loaned her money and that she needed to pay the money back.

19. Plaintiff continued to receive telephone calls from Defendant at her place of employed even after the telephone call on or about May 20, 2010.

20. For example, Plaintiff received a telephone call from defendant on or about June 3, 2010 and June 30, 2010.

21. Defendant's unlawful attempts to collect a debt from Plaintiff were done in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692c(3), 1692d, 1692d(5), 1692e, 1692e(8), 1692e(10), and 1692f.

22. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by MRS.

23. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of MRS's acts and omissions.

### *Respondeat Superior Liability*

24. The acts and omissions of Defendant's employees, who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, MRS.

25. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by MRS in collecting consumer debts.

26. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, MRS.

27. Defendant MRS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not

limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

29. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

30. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

31. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

33. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

35. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy*.
>
> 15 U.S.C. § 1692(a) (emphasis added).

36. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

37. Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

38. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

39. The conduct of Defendant in engaging in the above-described illegal attempts to collect this debt resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

40. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant under the doctrine of Respondeat Superior liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

### COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual and compensatory damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in a reasonable amount in excess of $50,000.00; and
- For such other and further relief as may be just and proper.

Dated: February 22, 2011.  **MARSO AND MICHELSON, P.A.**

By: s/Patrick L. Hayes
Patrick L. Hayes (0389869)
William C. Michelson (129823)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com
bmichelson@marsomichelson.com